UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jess Yates, a/k/a Jessie G. Yates, III, | ) | Civil Action No.:  4:20-cv-04127-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Town of Wallace, NC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends transferring this case to another district.[1]  *See* ECF Nos. 3 & 5.

### **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when

---

[1]     The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).  The Court is mindful of its duty to liberally construe Plaintiff's pro se filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)).  *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

Plaintiff Jess Yates has filed a complaint against the Town of Wallace, North Carolina ("Defendant") alleging various "infringement[s] of federal constitutional guarantees." ECF No. 1 at p. 1. The Magistrate Judge recommends transferring this case to the United States District Court for the Eastern District of North Carolina because the District of South Carolina is the wrong venue. *See* ECF No. 3 at pp. 2–4 (discussing 28 U.S.C. § 1391(b) and § 1406(a)).

In his objections, Plaintiff asserts that he "is a resident of Myrtle [B]each, SC and has every right to request hearing and judicial access in SC" and that Defendant "has failed to copy [him] on any request to transfer." ECF No. 5 at p. 1. However, as explained in the R & R, 28 U.S.C. § 1391(b) generally governs the venue of civil actions, and a plaintiff's residence is not among the three categories listed in § 1391(b). *See Madison v. Dyal*, 746 F. Supp. 2d 450, 452 (W.D.N.Y. 2010) (recognizing "a plaintiff's residence is irrelevant in determining venue under" § 1391(b)); *see, e.g.*, *Iannello v. Busch Entm't Corp.*, 300 F. Supp. 2d 400, 403 (E.D. Va. 2004) (finding "venue in the District of New Jersey could not have been properly maintained on the basis of [the] plaintiffs' residence").

Moreover, Plaintiff is correct that Defendant has not requested a transfer;[2] instead, the Court is

---

[2]    Defendant has not appeared or been served in this action.

2

*sua sponte*[3] transferring this case to the proper judicial district, which is the Eastern District of North Carolina. *See Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986) (recognizing "the district court may consider the possibility of transfer sua sponte"); *Waytes v. City of Charlottesville*, 1998 WL 468776, at *1 (4th Cir. 1998) ("The district court, confronted with a case laying venue in the wrong district, is statutorily obligated to dismiss the case unless transferring the case to a district where the action could have been brought is in the interest of justice. *See* 28 U.S.C. § 1406(a)[.]"). Accordingly, the Court will overrule Plaintiff's objections and transfer this case pursuant to 28 U.S.C. § 1406(a).

### Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's R & R [ECF No. 3], and **TRANSFERS** this case to the United States District Court for the Eastern District of North Carolina.

**IT IS SO ORDERED.**

Florence, South Carolina                                    s/ R. Bryan Harwell
January 21, 2021                                            R. Bryan Harwell
                                                           Chief United States District Judge

---

[3]      "*Sua sponte*" means a court is acting "on its own motion." *Sua sponte*, Black's Law Dictionary (11th ed. 2019).